MACK and others, Appellants, vs. BENSLEY, Respondent.

*March 13 — April 25, 1889.*

*Mills and mill dams: Evidence: Findings of fact: Construction.*

1. A finding of the circuit court that at the time of the trial the wheels in the defendant's mill were not set lower than they were at the time the plaintiff's mill site was conveyed by the common owner of both, is *held* not to be contrary to a preponderance of the evidence.

2. Findings of fact should be construed in the light of the pleadings and of the evidence and the questions litigated on the trial. So construed, a finding in this case that a certain deed did not convey the right to enlarge a slough by removing the natural banks or by lowering the natural bed thereof, is *held* to relate only to that part of the slough above plaintiffs' mill.

APPEAL from the Circuit Court for *Monroe* County. The case is sufficiently stated in the opinion.

For the appellants there were briefs by *Geo. L. Williams*, attorney, and *Silverthorn, Hurley, Ryan & Jones*, of counsel, and the cause was argued orally by *G. D. Jones* and *Geo. L. Williams*.

For the respondent there was a brief by *Gardner &
Gaynor*, attorneys, and *Hooper & Hooper*, of counsel, and
the cause was argued orally by *Geo. R. Gardner* and *Moses
Hooper*.

TAYLOR, J.   This action was brought for the purpose of
settling the respective rights of the plaintiffs and defendant
in the enjoyment and use of certain water powers and
mills situate upon the Wisconsin river.   The plaintiffs and
appellants are the owners of the lower power and mill upon
the stream, the defendant of the upper power and mill.
The case was first tried in 1884, and from the judgment
rendered in that case the plaintiffs appealed to this court.
Upon that appeal this court settled the rights of the re-
spective parties as to the use of their respective powers.
In the decision upon that appeal this court said that the
plaintiffs were, under their grant, entitled to use "what-
ever water power might be created or utilized at the place
where the old Whitney mill stood, including, of course, the
right to build dams at the head of the island, and at the
plaintiffs' mill, to such a height as would be most beneficial
to the grantee," but subject to the condition that the full
enjoyment of the defendant's mill was not to be impaired.
63 Wis. 88.   The report of the case in 63 Wis. will show
the situation of the premises of the respective parties, and
the claims made by each.   Upon that appeal this court
held that the determination of the circuit court "that the
water power at the Whitney mill never exceeded eight and
a half feet head, and that the dams of the plaintiffs should
be so lowered as not to raise a greater head than that,"
was not supported by sufficient evidence, and so reversed
the judgment for that reason, and ordered a new trial upon
that question alone.   All other questions were settled by
this court on the former appeal.   A new trial has been had
upon this question, and from the judgment of the court

upon the question as to the height at which the plaintiffs may maintain the water at their dam, and in the pond above the same, so as not to interfere with the full enjoyment of the use of the defendant's mill, the plaintiffs again appeal.

The learned circuit judge has found as facts that the situation of the wheels in the Garrison mill, on the 14th of May, 1866, when Garrison made the deed of the Whitney mill property to R. C. Lyon, under whom the plaintiffs claim, was such that for their proper use water should not stand in the mill-pond above plaintiffs' mill above 4.99 feet below the bench-mark fixed and marked by Capt. N. M. Edwards, the hydraulic and civil engineer who had made levels and measurements, and had described such bench-mark in his report to the court made on the trial, and as a witness in the case. Such bench-mark is described fully in the findings of the court, and in the judgment entered in the action. And the court further finds that the height to which the water can be maintained in plaintiffs' mill-pond, and the highest head of water which can be created and utilized by the plaintiffs' system of dams, without injury to the defendant's mill property, is "B. M.— 4.99; that is, 4.99 feet below said bench-mark as fixed by said engineer." The plaintiffs have excepted to these findings of fact, (1) because they find that the situation of the wheels in the Garrison mill as they existed on the 14th of May, 1866, when Garrison made the deed of the Whitney mill property to R. C. Lyon, was such that for their proper use the water should not stand in the mill-pond above the plaintiffs' mill above 4.99 feet below the bench-mark fixed and marked by Capt. N. M. Edwards, said hydraulic and civil engineer, and described in his said report; and (2) because it finds that the height to which the water can be maintained in plaintiffs' mill-pond, and the highest head of water that can be created and utilized by the plaintiffs'

system of dams, without injury to the defendant's mill property, is bench-mark — 4.99 feet; that is, 4.99 feet below said bench-mark, as fixed by said engineer.

It is not contended by the learned counsel for the appellants that there is any mistake in the measurements and levels made by the engineer, nor do we understand that it is seriously contended by said counsel that if the defendant is entitled to the uninterrupted use of the wheels in the mill as situated at the time of the commencement of this action and at the time of the trial, said engineer has made any mistake as to the height at which the plaintiffs must maintain the water in their pond and opposite the defendant's mill. The contention now appears to be upon a question of fact, viz., whether the wheels in the defendant's mill at the time of the trial were set lower than the wheels in the same mill when the deed was made to Lyon of the Whitney mill; and the claim is made that, if they are set lower in the defendant's mill than they were in the mill when said Whitney mill power was conveyed to the said Lyon, then the plaintiffs have the right to raise the water at their dam and in their pond opposite the defendant's mill to any height which would not interfere with the uninterrupted use of wheels which were set at the same height above the water as the old wheels were set. Whether the plaintiffs are justified in law in restricting the defendant in the use of her water power to such use as was made of it at the time of the deed to Lyon of the Whitney power, is a question we are not called upon to decide in this case, for the reason that we think that upon all the evidence in the case the learned circuit judge has found as a fact that the wheels in the mill of the defendant at the time this action was tried were not set any lower than the main wheels in the Garrison mill at the time of the conveyance to Lyon of the Whitney mill and power. It would seem that this claim on the part of the plaintiffs that the defendant's wheels are set

lower than she has the right to place them as against the
rights of the plaintiffs, is a claim which was not made by
them on the first trial of this action, and that even on the
second trial, in presenting their case to the court, they gave
no evidence showing that the wheels in the defendant's
mill were placed lower than those in the Garrison mill in
1866; and that the only evidence introduced by the plaint-
iffs tending to establish that fact was elicited on the cross-
examination of the defendant's witnesses, who were ex-
amined by the defendant to establish the fact that the
wheels in the present mill were set at a higher level than
those in the old mill, and by testimony offered by the
plaintiffs after the defendant's evidence had been put in.
But independently of the fact that no claim of this kind
was made on the first trial or in presenting their case on
the second trial, the circuit judge has found the fact against
the plaintiffs.    It is claimed, however, by the learned coun-
sel for the appellants, that the finding is unsupported
by the evidence, and they ask this court to reverse that
finding of fact on that ground.    A very able and elaborate
argument has been made by the learned counsel in support
of their contention.    After a careful reading of the evi-
dence, we are constrained to say that the evidence upon
this point is very conflicting, and most unsatisfactory in its
nature, and, as we are of the opinion that the burden of
proof was upon the plaintiffs to establish the fact, if it be
a material fact in the case, that the wheels in the present
mill of the defendant are set at a lower level than in the
old mill, we do not think we would be justified in revers-
ing the finding of the learned circuit judge upon that ques-
tion.    We are inclined to think that there is not even a
preponderance of the evidence, much less a decided pre-
ponderance, in favor of the contention of the plaintiffs.

The learned circuit judge made the following conclusions
of law, viz.: "It [meaning the deed from Garrison to Lyon]

did not convey the banks nor the bed of the slough which is more than fourteen rods above the section line, nor the right to place any guard-lock or obstruction therein, except to the extent specified in the first conclusion of law herein, nor any right or uses other than may be necessary to the use of the rights conveyed, such as the right to raise the water and the right of passage to and from the works at the head of the island. It did not convey the right to remove the slab wharf or embankment as the same existed at the date of the conveyance from Garrison to Lyon, which wharf was no obstacle to the flow of water in the slough and no injury to the plaintiffs' water power. It did not convey the right to enlarge the slough by removing the natural banks, nor by lowering the natural bed thereof."

The learned counsel for the plaintiffs except to the last paragraph of this finding, viz.: "It did not convey the right to enlarge the slough by removing the natural banks, nor by lowering the natural bed thereof." This conclusion of law was substantially as found by the circuit judge on the first trial of this action, and that finding was sustained by this court upon the former appeal. See 63 Wis. 86. The learned counsel objected to this finding, because it may be construed as referring to the slough below the plaintiffs' mill, as well as to that part of it above the mill; and, if it can be so construed, they say it ought not to stand, for the reason that the question of the respective rights of the plaintiffs and defendant in the slough below the plaintiffs' dam was not litigated on the trial, nor did the pleadings of either party raise any question as to the rights of the plaintiffs or the defendant in the slough below the plaintiffs' mill. We should be inclined to hold with the learned counsel for the plaintiffs that if this finding must be construed to refer to all parts of the slough, both above and below the plaintiffs' mill, then it should be reversed, on the ground that it is a finding in regard to a matter not put in issue by the

pleadings and not litigated on the trial. We are very clear, however, that this finding must be construed in the light of the pleadings in the action, and of the evidence and questions litigated on the trial; and, thus construed, such finding must be held to refer only to that part of the slough which lies above the dam and mill of the plaintiffs, and not to any part of it lying below said mill and dam. Thus construed it is in accord with the decision of this court on the former trial, and was a proper finding in the case.

We see no error in the proceeding and judgment of the circuit court.

*By the Court.*— The judgment of the circuit court is affirmed.